NOT DESIGNATED FOR PUBLICATION

No. 122,290

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERESA ANNA RODRIGUEZ,
*Appellant*.


MEMORANDUM OPINION

Appeal from Ford District Court; E. LEIGH HOOD, judge. Opinion filed March 12, 2021. Affirmed.

*Andrew M. Stein*, of Doll Law Firm, LLC, of Dodge City, and *Peter J. Antosh*, of Garcia & Antosh, LLP, of Dodge City. for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS. P.J., GREEN and ATCHESON, JJ.


PER CURIAM: Defendant Teresa Anna Rodriguez appeals the 51-month sentence the Ford County District Court ordered her to serve following her no-contest plea to possession of methamphetamine with intent to distribute. Rodriguez contends the State impermissibly declined to honor a plea agreement with her when it opposed her request for probation. Cutting through some procedural clutter, we find no basis to upset the district court's sentencing decision and, therefore, affirm.

1

The factual circumstances underlying the discovery of the drugs and Rodriguez' arrest are immaterial to the issues on appeal. Through her lawyer, Rodriguez worked out an arrangement with the State under which she would plead to one count of possession of methamphetamine with the intent to distribute, a severity level 3 drug felony. In return, the State would dismiss two less serious drug-related charges and not oppose Rodriguez' request for a reduced bond while she awaited sentencing. In addition, the State agreed not to oppose Rodriguez' motion for both a reduction in the standard guidelines sentence and placement on probation, even though the presumptive disposition under the sentencing guidelines called for incarceration. As part of the agreement, however, the State reserved the right to seek a standard guidelines sentence, including incarceration, if Rodriguez violated the bond terms.

Rodriguez pleaded no contest in late July 2019 to the methamphetamine charge. Consistent with the plea agreement, the State dismissed the other charges. The district court set a personal recognizance bond for Rodriguez, and she was released from jail. About a month later, Rodriguez reported to a court services officer as required under the bond. But she refused to provide a urine sample for drug testing and left without permission. The court services officer requested and received an arrest warrant for Rodriguez for violating the conditions of her bond. Rodriguez was taken into custody on the warrant and remained in jail until her sentencing hearing.

At that hearing in late October 2019, the State submitted it was no longer bound to the plea agreement and argued Rodriguez should receive a presumptive guidelines sentence that included incarceration. Rodriguez' lawyer acknowledged the terms of the plea agreement and the apparent bond violation. During allocution, Rodriguez admitted the bond violation and described the deep-seated substance abuse that continued to afflict her when she was released on bond. But Rodriguez told the district court that she had been sober in jail following the bond revocation and that she believed she would remain drug free if given a chance on probation consistent with the plea agreement.

2

The district court stated that it likely would have followed the plea agreement and placed Rodriguez on probation had she not violated her bond conditions. The district court also pointed out the State was no longer constrained by the agreement in taking a position on sentencing. Given Rodriguez' failure on bond, the district court concluded it would follow the State's recommendation and impose a standard guidelines sentence for possession of methamphetamine with intent to distribute. Accordingly, the district court ordered Rodriguez to serve 51 months in prison followed by 36 months on postrelease supervision. Rodriguez has appealed.

The State contends Rodriguez cannot appeal because she received a sentence conforming to the statutory guidelines. See K.S.A. 2020 Supp. 21-6820(c). The legal principle is correct. But we view Rodriguez' argument to be different. We understand Rodriguez to be asserting the State impermissibly refused to follow the plea agreement, thereby entitling her to a new sentencing hearing. As we explain, we find the argument unavailing on the facts. But a defendant may appeal the State's failure to honor a plea agreement, even if the district court has imposed a guidelines sentence. See *State v. Jones*, 302 Kan. 111, 114, 351 P.3d 1228 (2015) (court reviews and decides defendant's claim State breached plea agreement, even though district court imposed guidelines sentence).

In crafting her appellate argument, Rodriguez adds another procedural wrinkle. She contends she had a constitutional due process right to a hearing on the revocation of her bond. And because she had not been afforded a hearing, the State could not rely on the bond violation to avoid the plea agreement's limitations on its position at sentencing. We assume without deciding that Rodriguez had both statutory and constitutional rights to a hearing on the alleged bond violation. But that carries Rodriguez only so far under the circumstances.

3

Under K.S.A. 22-2804, a district court may set an appearance bond for a defendant following conviction and before sentencing. The district court did so here. If a defendant violates an appearance bond, the district court may revoke the bond as provided in K.S.A. 2020 Supp. 22-2807. If a defendant fails to appear, the district court may immediately forfeit the bond. K.S.A. 2020 Supp. 22-2807(1). The defendant's failure to appear would be a self-evident failure to comply with the fundamental condition of the bond. Even then, the district court may later set aside the forfeiture. Here, Rodriguez appeared in the district court as required but violated other conditions of the bond. By signing an arrest warrant under K.S.A. 2020 Supp. 22-2807(2), the district court may revoke a defendant's bond for a violation other than failing to appear. Issuance of the arrest warrant effects the bond revocation. But the district court "shall forthwith set a new bond" as required by K.S.A. 2020 Supp. 22-2802 that governs setting a bond at a defendant's first appearance. So K.S.A. 2020 Supp. 22-2807(2) applies here, and the statutory language suggests the district court should hold some sort of a hearing if for no other reason than to consider a new bond. See *State v. Anguiano*, No. 100,717, 2009 WL 3082586, at *6 (Kan. App. 2009) (unpublished opinion). The district court's decision on setting a new bond presumably would be informed, at least in part, by the reasons for (and the validity of) the revocation of the original bond.

More broadly, an appearance bond offers a defendant conditional release from incarceration and, therefore, implicates a liberty interest. The Due Process Clause of the Fourteenth Amendment to the United States Constitution affords individuals the right to be heard to avert a wrongful deprivation of a protected property right or liberty interest as the result of some government action. *State v. Gonzalez*, 57 Kan. App. 2d 618, 623, 457 P.3d 938 (2019). The form of the process due is shaped by the right or interest at stake. 57 Kan. App. 2d 618, Syl. ¶ 2. The United States Supreme Court has recognized that constitutional due process protections, including a hearing, attach to the revocation of probation and parole as postsentencing forms of conditional release. See *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973) (probation

4

revocation); *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) (parole revocation).

It's not much of an incremental step to conclude the revocation of a presentencing appearance bond requires some form of constitutional due process and likely includes a hearing following the revocation triggered by the issuance of an arrest warrant under K.S.A. 22-2807(2). See *United States v. Salerno*, 481 U.S. 739, 751-52, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987) (defendant's right to hearing with lawyer on conditions of pretrial detention under federal Bail Reform Act of 1984 satisfies Due Process Clause of Fifth Amendment); *Josh J. v. Commonwealth*, 478 Mass. 716, 722-23, 89 N.E.3d 1123 (2018) (bond revocation implicates constitutional due process); *State v. Burgins*, 464 S.W.3d 298, 308-09 (Tenn. 2015) (same); 4 LaFave, Israel, King, and Kerr, Crim. Proc. § 12.3(g) (4th ed. 2020) (bond revocation hearing must conform to procedural due process requirements). But our assumption of those due process protections still doesn't get Rodriguez to the winner's circle.

The record indicates Rodriguez never requested a hearing on the bond revocation or for reinstatement of an appearance bond. A criminal defendant may waive or forfeit even constitutional rights. See *State v. James*, 309 Kan. 1280, Syl. ¶ 5, 443 P.3d 1063 (2019) (recognizing waiver of constitutional right); *State v. Jones*, 287 Kan. 559, Syl. ¶ 4, 197 P.3d 815 (2008) (recognizing forfeiture of constitutional right); see also *United States v. Brasher*, 962 F.3d 254, 271 (7th Cir. 2020) (recognizing defendant's dilatory assertion of constitutional right may result in waiver or forfeiture). Rodriguez may have done so here. But appellate courts should be cautious in finding waivers of constitutional rights and especially chary to declare forfeitures of them. Nonetheless, even giving Rodriguez the benefit of those restraints, we find no grounds for reversing the district court.

The erroneous deprivation of most constitutional rights may be considered harmless in the absence of demonstrable prejudice. See *State v. Ward*, 292 Kan. 541, Syl. ¶¶ 5-6, 256 P.3d 801 (2011); see also *State v. Lowery*, 308 Kan. 1183, 1215, 427 P.3d 865 (2018) (acknowledging constitutional errors typically subject to review for harmlessness). Here, assuming as we have that Rodriguez had a due process right to a hearing on the revocation of her bond and that she didn't waive or forfeit that right, any error still would be subject to review for harmlessness. Even under the rigorous standard outlined in *Ward* for assessing constitutional error, we cannot see how Rodriguez' sentencing would have been any different. See 292 Kan. 541, Syl. ¶ 6. That's because both Rodriguez and her lawyer admitted the bond violation during the sentencing hearing. In her own statement to the district court at the sentencing, Rodriguez sought to turn the violation and the revocation to her advantage by suggesting she finally appreciated the hold methamphetamine had exerted over her and had defeated her dependency during her time in jail. Those concessions necessarily obviate any failure of the State to prove Rodriguez' bond violation at some earlier due process hearing that should have been held but never was.

In short, the premises on which Rodriguez rests her argument that the State failed to honor its commitments under the plea agreement do not hold up. In turn, the State did not impermissibly abandon those commitments. We find no error in the sentencing proceedings and, therefore, affirm the district court's decision.

Affirmed.